## M. D. Wells *et al.*

*v.*

## J. W. A. Lilly.

1. Exemption — *construction of statute.* Section 3 of chapter 52, entitled "Exemptions," of Revised Statutes 1874, which provides that no property shall be exempt from sale for a debt or liability incurred for the purchase or improvement thereof, relates to real estate alone, and does not embrace personal property.

2. SAME — *denial of opportunity to debtor to make selection.* If an officer levying an execution on personal property takes it all, in disregard of the claim of any part of it as exempt, under the supposed right to do so because the debt was for the purchase price of the goods taken, this is virtually a denial to the debtor of the opportunity to make any selection from the property.

APPEAL from the Circuit Court of Livingston County ; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. WALLACE & TERRY, for the appellants.

Mr. O. CHUBBUCK, Mr. S. S. LAWRENCE, Mr. H. H. BROWER, and Mr. MARTIN I. BROWER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding for the trial of the right of property in respect of certain personal property which had been levied upon by the sheriff under execution and was claimed by the defendant in execution as exempt from execution. There was a finding in the circuit court, to which the case had been taken by appeal, in favor of the claimant ; and the plaintiffs in execution appeal to this court.

The judgment upon which the execution issued was for the purchase money of the same goods levied on, and appellants set up the claim that for this reason the property was not exempt from the execution, relying in support thereof upon section 3 of chapter 52, entitled " Exemptions," of Revised Statutes of 1874, page 497. This section is as follows : " But no property shall by virtue of this act be exempt from sale for non-payment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof."

The act respects two sorts of exemption from sale on execution : the first twelve sections relating exclusively (unless section 3 be held as having broader scope) to the " homestead " exemption ; and the remaining sections being devoted solely to " personal property exempt."

The general terms of this section 3, " no property " shall be exempt, etc., do exclude from the exemption of the act

all property, whether real or personal, where the execution
is for a debt for the purchase thereof, but we do not regard
such to be the meaning.   The Revised Statutes of 1874 are
a revision of previous statutes.   This section 3 first appears
in " An act to exempt homesteads from sale on execution,"
approved February 11, 1851, it being section 2 *verbatim* of
that act, and the act relating solely to the exemption of
homesteads.   There had never been any provision of any
similar character enacted in respect to the exemption of per-
sonal property from sale on execution until 1872, when there
was passed " An act to exempt the homestead from forced
sale," etc, " and to exempt certain personal property from
attachment and sale on execution," etc.   Approved March
22, 1872.   Laws 1871–72, p. 478.   That act contained the
following section (17):   " The personal property herein
before mentioned shall not be exempt from an attachment
or execution issued in an action to recover the purchase
money for the same property." · This act of 1872 was a
revised act, passed in pursuance of the plan which had there-
tofore been adopted by the General Assembly for the revision
of the general statutes of the State.   That act for the first
time threw together into one act the two different subjects
of homestead exemption and the exemption of personal
property from sale on execution.   The act was similar in its
frame to the act in question in the Revised Statutes of 1874,
the first twelve sections relating exclusively to homestead
exemption, section 3 of which is identical in language with
section 3 in the latter act of 1874, and the remaining sec-
tions, among which is section 17, above quoted, relating
solely to the exemption of personal property.

   Although this same section 3 in question was in the act of
1872, its general terms were not there regarded as embracing
within them personal property, as section 17 was introduced
expressly excluding personal property by name from the
exemption.

   The non-exemption from sale for non-payment of " taxes
or assessments," or for a debt for the " improvement " of
property — words employed in section 3 — does not apply

320 WELLS *et al. v.* LILLY. [Sept. T.

Opinion of the Court.

naturally to personal property; but is more properly applicable to real property. And it is to be observed that these words are not used in section 17 of the act of 1872, but that it extends the non-exemption in respect of personal property to a debt for the " purchase money" only. That section 17 is dropped from the act in the Revised Statutes of 1874 ; the latter act repeals the one of 1872 ; so that appellants have to rest their claim in this case entirely on this section 3.

Notwithstanding the general words of the section are comprehensive enough to embrace personal property, we are of opinion that such property is not within the intendment of the section, and that it is to be considered as applying to the homestead exemption alone.

Appellee's claim of exemption was under the ninth clause of section 13 of the act, exempting " one hundred dollars' worth of other property suited to his or her condition in life, selected by the debtor," and appellants, in case they should be overruled in their claim of non-exemption of the property on the ground of the debt being for the purchase price, next insist upon several minor objections to the claim of the property being exempt — as, that it was not suited to the debtor's condition in life, that it exceeded $100 in value, and no selection from it was made by the debtor.

The property levied on was a remnant lot of a stock of boots and shoes ; the execution debtor was in the boot and shoe business ; there is no just ground to say the property was not suited to his condition in life.

He gave testimony that all the goods levied upon did not at the time exceed $100 in value. There was the contradictory evidence that at the time of the levy an inventory was taken of the goods, and that he then gave the marked price of the same as they were being inventoried, which amounted in all to $187 ; and it is urged that this is the better evidence of the value.

This would make but a conflict between the sworn and the unsworn statements of the witness, leaving it with the jury to give credit to the one or the other. There was, besides,

evidence tending to reconcile the two statements in that there would be considerable depreciation in value from the original price in such a remnant lot of goods. There was evidence, further, tending to show that the debtor was denied the opportunity to select $100 worth from the property.

In this connection appellants complain of the exclusion of an inquiry of the sheriff who made the levy, whether he did deny to the debtor such opportunity of selection.

This inquiry should have been allowed, unless the question might be deemed objectionable in form, and that the more proper question to the sheriff would have been what he said and did in that respect. He very likely would have answered the inquiry, had it been allowed, in the negative ; as he did not probably make any such express denial. But in the testimony which had already been given by him there was evidence tending to show that he manifested the purpose of taking all the property in disregard of the claim of any part of it as exempt, under the supposed right to do so because the debt was for the purchase price of the goods.

This, if done, would amount to a virtual denial to the debtor of the opportunity to make any selection from the property.

We find no material error in the record, and the judgment is affirmed.

*Judgment affirmed.*