CHARLES HOWARD

*v.*

JOHN W. LAKIN.

1. EXEMPTION—*as against judgment for purchase money.* Under the act in force July 1, 1873, personal property otherwise exempt from levy and sale on execution, is not liable to be taken on execution issued upon a judgment for a debt incurred for its purchase.

2. SAME—*statute construed.* The third section of the act relating to exemptions, in force July 1, 1873, which declares that no property under that act shall be exempt from sale for a debt or liability incurred in the purchase or improvement thereof, has no application to personal property, but relates solely to real property.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. BISHOP & McKINLAY, for the appellant.

Mr. GEORGE HUNT, and Mr. HENRY TANNER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit in replevin for household goods, wherein there was judgment for the defendant, and the plaintiff appealed.

The cause was tried by the court below without a jury, upon the following agreed state of facts, viz:

"It is agreed in this case, that the defendant, as constable, levied on said property by virtue of an execution in favor of Killin & Co.

"That the judgment on which said execution issued was for a debt contracted for the purchase by the plaintiff of the goods levied upon; said debt was contracted after April 1st, 1876.

"It is further agreed, that the property levied upon is exempt from execution, unless the fact of the debt being for the purchase money renders the property liable to this execution."

The sole question presented is, whether, by virtue of the act in force July 1, 1873, Rev. Stat. 1874, p. 497, personal property, which would otherwise be exempt, is liable to be taken under an execution issued upon a judgment obtained on a debt incurred for the purchase of the property. The question arises under section 3 of the act, which is as follows:

"But no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments, or for a debt or liability incurred in the purchase or improvement thereof."

This very question was decided in the negative, against such liability, by this court at the last term, in the case of *Wells* v. *Lilly*, 86 Ill. 317, where it was held that this section had no application to personal property, but related solely to real property—the homestead. On the authority of that case, seeing no reason to change the conclusion there reached, the judgment will be reversed and the cause remanded.

*Judgment reversed.*