JACOB SHEAR

*v.*

JOHN W. REYNOLDS.

1. EXEMPTION—*of personal property, as against purchase money unpaid.* The 3d section of chapter 52, Rev. Stat. 1874, relating to exemptions, which declares, that "no property shall, by virtue of this act, be exempt from sale for

non-payment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof," relates to real estate alone, and does not embrace personal property.

2. Same—*levy upon property specifically exempt—debtor denied an opportunity of turning out other property.* Where an officer holding an execution goes to the debtor and makes no general demand for property upon which to levy, but with a manifest purpose of taking a team which is specifically exempt, and takes the same, regardless of the debtor's claim of its exemption, the team being suitable to his condition, and used in obtaining a support of the debtor and his family, the officer will be liable to the statutory penalty without reference to what other property the debtor may have had. Such act is a virtual denial to the debtor of any opportunity either to make any selection or produce other property.

Appeal from the Circuit Court of Iroquois county; the Hon. N. J. Pillsbury, Judge, presiding.

This was an action, originally brought before a justice of the peace, by John W. Reynolds, against Jacob Shear, who was sheriff of the county, to recover double the value of a certain horse, and taken by appeal to the circuit court, where a trial was had, resulting in a verdict and judgment of $160 in favor of the plaintiff. The facts appear in the opinion of the court.

Mr. Robert Doyle, for the appellant.

Messrs. Holland & Ayres, for the appellee.

Mr. Justice Baker delivered the opinion of the Court:

This action was brought under section 17 of chapter 52 of the Revised Statutes of 1874, by appellee against appellant, to recover double the value of a certain horse taken and sold by appellant as sheriff of Iroquois county, under an execution issued on a judgment in favor of one Morris, against appellee. Appellee claimed said horse was exempt from execution, and sued the officer and recovered judgment against him.

Appellant alleges the appellee purchased the horse in question from him, and that the execution was issued on a judgment based on a note given for the purchase money. This state of facts is denied by appellee. Even if we assume the

facts as claimed by appellant are true, yet they would avail him nothing. He relies on the third section of the chapter already referred to, which section is as follows: "But no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof." It was decided by this court, in the case of *Wells* v. *Lilly,* 86 Ill. 317, this section relates to real estate alone, and does not embrace personal property. We do not deem it necessary to repeat the grounds upon which that conclusion is based.*

Again, it is urged, if an officer notifies a debtor he has an execution and desires property thereon, it is the duty of the debtor then to select such property as he claims is exempt; and that it is also his duty, if he has it, to produce other property, in order that the officer may make a levy. We have no fault to find with this law, but it is not applicable to the facts of the case. The evidence shows the sheriff did not go to Reynolds with the execution and make a general demand on him to turn out property thereon. It shows he went to the house of appellee especially to get the team and with the express intention of levying on it. He did not ask for any other property except that ; he said to appellee, Doyle had told him to get the team and he must have it. Appellee told him he claimed it as exempt and would turn out real estate. Appellant's only answer was, he wanted the gray team and that Doyle was backing him. It was the manifest purpose of appellant to take this team, in utter disregard of any claim that it was exempt. It was a virtual denial to the debtor, of any opportunity to either make any selection or produce other property. Under the circumstances of this case, it would make no difference what other property Reynolds might have had; this property being specifically exempt, he was entitled to retain it.

---

*To the same effect is *Howard* v. *Lakin,* 88 Ill. 36.

The evidence before the jury sufficiently showed the property levied upon was exempt from execution. Appellee was a farmer, had a large family, and resided with the same. The catalogue and values of his property indicated he did not have as much personal property as the statute allowed to him. His team was worth less than $200, and his occupation of a farmer, his large family, his poverty, the fact he was working the team at the time, and all the circumstances in proof, warranted the jury in finding he used the team in obtaining the support of his family. One of the horses was returned before the day of sale, but the one in question in this suit was retained and sold upon the supposition that section 3 of the statute, already referred to, justified such sale.

We find no substantial error in regard to the instructions, or in the rulings of the court.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*